Kenneth P. Green, SBN 24036677
kgreen@snowspencelaw.com
Aaron M. Guerrero, SBN 24050698
aaronguerrero@snowspencelaw.com
Carolyn Carollo, SBN 24083437
carolyncarollo@snowspencelaw.com
Bryan Prentice, SBN 24099787
bryanprentice@snowspencelaw.com
SNOW SPENCE GREEN LLP
2929 Allen Parkway, Suite 2800
Houston, TX  77019
Telephone:  713-335-4800
Facsimile:  713-335-4848

Erik LeRoy
erik@alaskanbankruptcy.com
ERIK LEROY, P.C.
500 L Street, Suite 302
Anchorage, AK  99501
Telephone: 907-277-2006

Attorneys for Charles Gebhardt,
Trustee for the Miller Energy Resources Creditors' Liquidation Trust

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| Cook Inlet Energy, LLC, et al.[1] | § | Case No. 15-00236 |
| | § | |
| Debtors. | § | Jointly Administered |
| | § | |
| Charles Gebhardt, Trustee for the Miller | § | |
| Energy Resources Creditors' Liquidation | § | |
| Trust | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Adversary No. 17-90059 |
| | § | |
| Solvenz E&P Series LLC, | § | |
| Defendant. | § | |

## AMENDED COMPLAINT TO AVOID AND RECOVER PREFERENTIAL TRANSFERS PURSUANT TO 11 U.S.C. §§ 547, 548, AND 550

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are Cook Inlet Energy, LLC, an Alaska limited liability company (6643); Miller Energy Resources, Inc., a Tennessee corporation (8629); Miller Energy Services, LLC, a Delaware limited liability company (8670); Miller Energy GP, LLC, a Delaware limited liability company (0999); Miller Rig & Equipment, LLC, a Delaware limited liability company (8727); Miller Drilling, TN LLC, a Tennessee limited liability company (8891); East Tennessee Consultants, Inc., a Tennessee corporation (3108); East Tennessee Consultants II, L.L.C., a Tennessee limited liability company (0107); Anchor Point Energy, LLC, an Alaskan limited liability company (7946); Savant Alaska, LLC, a Colorado limited liability company (0579); and Nutaaq Operating LLC, an Alaska limited liability company (2908).

1

Charles Gebhardt, as the Trustee of the Miller Energy Resources Creditors' Liquidation Trust (the "Trustee"), files this Complaint to Avoid and Recover Preferential Transfers Pursuant to 11 U.S.C. §§ 547, 548, and 550 against Solvenz E&P Series LLC ("Defendant"), and alleges as follows:

## I.
## Introduction

1.      This adversary proceeding against Defendant is brought under Fed. R. Bankr. P. 7001.  By this adversary proceeding, the Trustee seeks to avoid and recover, pursuant to sections 547, 548, and 550 of the Bankruptcy Code, preferential transfers that Cook Inlet Energy, LLC, *et al.* (collectively "Debtors") made to the Defendant.

## II.
## Jurisdiction and Venue

2.      This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334.  This adversary proceeding is a core proceeding pursuant to 28 U.S.C. § 157 (b)(2)(A).  Venue of this adversary proceeding is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

## III.
## Parties

3.      The Plaintiff is Charles Gebhardt, the Trustee for the Miller Energy Resources Creditors' Liquidation Trust, which was formed and authorized by the Confirmed Plan (hereinafter defined) in the above-referenced Chapter 11 Bankruptcy Case of *In re Cook Inlet Energy, LLC, et al.*, Bankruptcy Case No. 15-00236 (the "Bankruptcy Case").

4.      Defendant is Solvenz E&P Series LLC, a Delaware limited liability company. Defendant may be served with process pursuant to Fed R. Bankr. P. 7004(b) by serving a copy of this Complaint and the Summons on Defendant's Registered Agent, The Corporation Trust

Company, at its Registered Office, 1209 Orange Street, Wilmington, DE  19801.

## IV.
### Background

5.     On August 6, 2015 (the "CIE Petition Date"), an involuntary bankruptcy petition was filed against Cook Inlet Energy, LLC ("CIE") in the United States Bankruptcy Court for the District of Alaska (the "Bankruptcy Court").  CIE is a subsidiary of Miller Energy Resources, Inc. ("MER").  On October 1, 2015, CIE consented to adjudication as a debtor under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").  Also, on October 1, 2015 (the "Miller Petition Date"), MER and several of its subsidiaries, including Savant Alaska, LLC ("Savant"), filed voluntary petitions under the Bankruptcy Code in the Bankruptcy Court.

6.     On January 28, 2016, the Bankruptcy Court entered the Order Confirming [Doc. No. 502] (the "Confirmation Order") the Joint Plan of Reorganization [Doc. No. 364] (the "Confirmed Plan").  Pursuant to the Confirmed Plan, causes of action under 11 U.S.C. §§ 547 and 550 were assigned to the Trust to pursue for the benefit of the Debtors' unsecured creditors.

7.     As of the time of the Debtors' bankruptcy filings, Debtors were engaged in the exploration for, and acquisition, production, and sale of, crude oil and natural gas.  Debtors operated in multiple production basins in Alaska, including the Cook Inlet and Kenai Peninsula, as well as the Badami area of the North Slope.  Specifically, Defendant agreed to provide equipment, goods, materials, and/or services to Debtors' various well operations.

8.     Consistent with his obligations under the Confirmed Plan and the related documents establishing the Miller Energy Resources Creditors' Liquidation Trust, the Trustee has conducted a review of all transfers made by Debtors to creditors during the ninety (90) days prior to the Miller Petition Date, including certain Transfers (defined below) made to the Defendant.

9.      Specifically, the books and records of Debtors show that MER made the following transfers to the Defendant within the ninety (90) days immediately preceding the Miller Petition Date:

   a.  On July 21, 2015, MER transferred to Defendant $175,000.00; and

   b.  On July 28, 2015, MER transferred to Defendant $200,000.00.

Each of these Transfers is referred to as a "Transfer" and collectively as the "Transfers".

10.     Solvenz was paid these sums pursuant to an agreement with MER, which the parties entered into on July 16, 2015.  Under this agreement, Solvenz was to act as a "facilitator" for a proposed 7-year loan to MER in the amount of $177,780,266.  Solvenz was paid $175,000 as a commencement fee and $200,000 for "upfront fees and expenses" soon after signing.  The loan that MER paid Solvenz to secure was never obtained.

11.     Subsequent to the Trustee's review, on July 5, 2016, the Trustee sent a demand letter (the "Demand Letter" a copy of which is attached as **Exhibit A**) to the Defendant requesting: (i) the return of the Transfers as preferential transfers pursuant to sections 547 and 550 of the Bankruptcy Code or (ii) that the Defendant provide the Trustee with valid defenses to payment, including an explanation of such defenses and copies of supporting documentation.  To date, the Defendant has neither: (i) returned the Transfers to the Trustee; nor (ii) provided the Trustee with sufficient documentation to support a complete defense to liability.

### V.
### Count 1: Avoidance of Preferential Transfers – 11 U.S.C. § 547

12.     The Trustee incorporates all preceding paragraphs as if fully re-alleged herein.

**A.      Each Transfer was made on or within ninety (90) days before the Miller Petition Date.**

13.     The Transfers were made on or within ninety (90) days prior to the Miller Petition Date, that is, from July 2, 2015 to September 30, 2015.

4

**B.    The Transfers were transfers of an interest of MER in Property.**

14.    Each Transfer was made from MER's bank account(s).  Had the Transfers not occurred, the property constituting the Transfers would have been part of MER's bankruptcy estate at the Miller Petition Date.  Therefore, the Transfers constituted transfers of an interest of MER in property.

**C.    The Transfers were made to or for the benefit of a creditor.**

15.    The Defendant was a creditor of MER because the Defendant had invoiced MER and had a right to payment for the equipment, goods, materials and services provided to MER and incurred expenses in the performance of such services that MER was obligated to pay.  Each Transfer was made, or caused to be made, to or for the benefit of the Defendant.  Since the Defendant was a creditor, each Transfer was made to or for the benefit of a creditor.

**D.    The Transfers were made for or on account of an antecedent debt owed by MER to Defendant.**

16.    Each Transfer was made, or caused to be made, for or on account of an antecedent debt owed by MER to the Defendant.  On each instance the Transfers were in satisfaction of or on account of invoices for equipment, goods, materials and services previously provided by the Defendant to MER and for which MER owed Defendant at the time each Transfer was made.  Thus, each Transfer was made, or caused to be made, for or on account of an antecedent debt owed by MER to the Defendant.

**E.    MER was insolvent at the time each Transfer was made.**

17.    During the ninety (90) days immediately preceding the Miller Petition Date, MER, individually, and the Debtors, collectively, were insolvent within the meaning of Section 101(32) of the Bankruptcy Code.  Their debts during the ninety (90) days immediately preceding the Miller

5

Petition Date far exceeded the fair value of their assets. MER is presumed to have been insolvent during the Preference Period. *See* 11 U.S.C. § 547(f).

**F.      Each Transfer enabled Defendant to receive more than it would have received if the case were a case under Chapter 7, each Transfer had not been made, and Defendant received payment of such debt to the extent provided by the Bankruptcy Code.**

18.      If the Transfers had not been made, the Defendant would have had an unsecured claim in the amount of the Transfers against MER.

19.      In this case, the unsecured creditors, such as Defendant, did not receive a dividend equal to 100% of their allowed claims. Under a hypothetical Chapter 7 case, the unsecured creditors would have received less than they are receiving under the Confirmed Plan. The Disclosure Statement for the Confirmed Plan stated that if the Debtors were liquidated under Chapter 7, the unsecured creditors would have received less than they will under the Confirmed Plan. In all cases where unsecured creditors will not receive a dividend equal to 100% of their allowed claims, 11 U.S.C. § 547(b)(5) is satisfied.

20.      Pursuant to section 547(b) of the Bankruptcy Code, the Trustee may avoid the Transfers.

## VI.
### Count 2: Recovery of Fraudulent Transfers – 11 U.S.C. § 548

21.      The Trustee incorporates all preceding paragraphs as if fully re-alleged herein. In the alternative, 11 U.S.C. § 548 allows the Trustee to avoid and recover the Transfers.

22.      All or part of each Transfer was a fraudulent transfer under 11 U.S.C. § 548.

23.      Section 548 of the Bankruptcy Code allows the Trustee to avoid and recover, for the benefit of the estate, property transferred by the Debtors within two (2) years before the Petition Date, if the Debtors made such transfer with actual intent to hinder, delay, or defraud any entity to which the debtor was or became indebted or received less than reasonably equivalent value in

exchange for such transfers and if the Debtors were insolvent on the date of such transfers. *See* 11 U.S.C. § 548(a).

24.     The Transfers occurred within two (2) years of the Petition Date.

25.     The Debtors made the Transfers with actual intent to hinder, delay, or defraud their creditors.

26.     The Debtors were insolvent within the meaning of Section 101(32) of the Bankruptcy Code when they made the Transfers.

27.     The Debtors received less than reasonably equivalent value for each of the Transfers.  MER paid Solvenz $375,000 to secure a loan that was never obtained.

28.     Pursuant to section 548 of the Bankruptcy Code, the Trustee may avoid the Transfers.

**VII.**
**Count 3: Recovery of Avoided Transfers – 11 U.S.C. § 550**

29.     The Trustee incorporates all preceding paragraphs as if fully re-alleged herein.

30.     Section 550 of the Bankruptcy Code allows the Trustee to recover, for the benefit of the estate, the property transferred and avoided under section 547 from the initial transferee of such transfer or the entity for whose benefit such transfer was made.  *See* 11 U.S.C. § 550(a).

31.     The Trustee is entitled to avoid the Transfers pursuant to section 547 of the Bankruptcy Code.  The Defendant was the initial transferee of the Transfers and was the person for whose benefits the Transfers were made.

32.     The Trustee is entitled to avoid the Transfers pursuant to section 548 of the Bankruptcy Code.  The Transfers were made within two (2) years of the Petition Date.  The Debtors made the Transfers with the actual intent to hinder, delay, or defraud their creditors.  The Debtors were insolvent within the meaning of Section 101(32) of the Bankruptcy Code when they

7

made the Transfers.  The Debtors received less than reasonably equivalent value for the Transfers. Accordingly, the Trustee is entitled to recover the Transfers in the amount of $375,000.00, plus costs and interest thereon to the date of payment.

## VIII.
## Count 4: Disallowance of Claim Against the Estate – 11 U.S.C. § 502(d)

23.     In order to prevent creditors that wrongfully refuse to return preferential payments from further depleting the funds available to pay non-preferred creditors, § 502(d) of the Bankruptcy Code provides that the Court shall disallow any claim of any entity that fails to turn over an avoidable transfer.  Accordingly, the Trustee has suspended distributions to the Defendant until the Defendant returns the Transfers.

24.     Further, 11 U.S.C. § 502(j) expressly provides that a claim that has been allowed may be reconsidered for "cause," which would include disallowance under section 502(d), up to the amount for which Defendant is liable to the Trust under sections 547, 548, and 550. Accordingly, Trustee requests (i) that the Court disallow any claim of Defendant, whether previously deemed allowed or not, up to the amount that the distribution on such claim equals the amount for which Defendant is liable to the Trust under sections 547, 548, and 550; (ii) that Trustee retain such amount in satisfaction of Trustee's claims against Defendant with a corresponding reduction in the amount of the judgment to be rendered against Defendant; and (iii) that the Court render judgment in favor of Trustee and against Defendant for all amounts for which Defendant is liable under sections 547, 548, and 550 that are not satisfied by operation of disallowance of Defendant's allowed claim and retention of the distribution on such claim by Trustee.

## IX.
## Prayer

WHEREFORE, the Trustee requests entry of judgment against the Defendant as follows:

i.   Declaring each Transfer to be preferential under section 547 of the Bankruptcy Code;

ii.   Avoiding and setting aside the Transfers under section 547(b) of the Bankruptcy Code;

iii.   Declaring the Transfers to be fraudulent under section 548 of the Bankruptcy Code;

iv.   Avoiding and setting aside the Transfers under section 548(a) of the Bankruptcy Code;

v.   Awarding the Trustee judgment against the Defendant in the amount of the Transfers and directing the Defendant to immediately repay to Trustee such amount, pursuant to section 550 of the Bankruptcy Code;

vi.   Disallowing any claim of Defendant up to the amount for which Defendant is liable to the Trust under sections 547, 548, and 550 of the Bankruptcy Code;

vii.   Awarding the Trustee pre-judgment interest from the date of each Transfer at the maximum rate permitted by law;

viii.   Awarding the Trustee post-judgment interest from the date of judgment until date paid at the maximum rate permitted by law;

ix.   Awarding the Trustee its costs incurred in this action; and

x.   Granting the Trustee such other and further relief as the Court deems just and proper.

Dated:  August 2, 2017

Respectfully submitted,

**SNOW SPENCE GREEN LLP**

By:      */s/ Aaron M. Guerrero*
        Kenneth Green, SBN 24036677
        kgreen@snowspencelaw.com
        Aaron M. Guerrero, SBN 24050698
        aaronguerrero@snowspencelaw.com
        Carolyn Carollo, SBN 24083437
        carolyncarollo@snowspencelaw.com
        Bryan Prentice, SBN 24099787
        bryanprentice@snowspencelaw.com
        2929 Allen Parkway, Suite 2800
        Houston, TX  77019
        (713) 335-4800
        (713) 335-4848 fax

**ATTORNEYS FOR CHARLES GEBHARDT, TRUSTEE FOR THE MILLER ENERGY RESOURCES CREDITORS' LIQUIDATION TRUST**

## CERTIFICATE OF SERVICE

I hereby certify that on this 2nd day of August, 2017 the foregoing was served by ECF filing and email to the following:

Amy.swedberg@maslon.com
Amy Swedberg
Maslon LLP
90 South Seventh Street, Suite 3300
Minneapolis, MN  55402

mboutin@rcolegal.com
Michelle L. Boutin
RCO Legal – Alaska, Inc.
911 W. 8th Avenue, Suite 200
Anchorage, Alaska 99501

        */s/ Aaron M. Guerrero*
        Aaron M. Guerrero

I:\Client\GEBC0008-Miller Energy-Avoidance Actions\Adversaries\VENDORS\Solvenz E&P Series LLC\Complaint\Solvenz Amended Complaint.docx

10