Case 17-90059    Filed 08/02/17    Entered 08/02/17 12:43:33    Doc# 8-1



EXHIBIT
A


## SNOW SPENCE GREEN LLP

July 5, 2016

Solvenz E&P Series LLC
c/o any Director or Officer
One Columbus, Suite 2300
10 West Broad Street
Columbus, OH  43215

Solvenz E&P Series LLC
c/o The Corporation Trust Company
Corporation Trust Center
1209 Orange Street
Wilmington, DE  19801

### Demand for Recovery of Preference Payments

**Re:**  **In re Cook Inlet Energy, LLC, et al.; Case No. 15-00236; United States Bankruptcy Court for the District of Alaska**

**Transferee:  SOLVENZ E&P SERIES LLC**
**Total Amount Received by Transferee:  $375,000.00**
**Demand Amount: $375,000.00**
**Cook Inlet Energy, LLC Preference Period: May 7, 2015 – August 5, 2015**
**Cook Inlet Energy, LLC Gap Period: August 6, 2015 – September 30, 2015**
**Miller Energy Resources, Inc., Savant Alaska LLC and Anchor Point Energy, LLC Preference Period: July 2, 2015 – September 30, 2015**

Introduction.  Snow Spence Green LLP (the "**Firm**") represents Charles Gebhardt (the "**Trustee**"), Trustee of the Miller Energy Resources Creditors Liquidation Trust  (the "**Trust**"), which was formed pursuant to the Joint Plan of Reorganization of Miller Energy Resources, Inc. and its Subsidiaries Under Chapter 11 of the Bankruptcy Code, as supplemented, amended and/or modified (the "**Plan**") which was confirmed by the United States Bankruptcy Court for the District of Alaska (the "**Bankruptcy Court**") on January 28, 2015.  The purpose of this letter is to demand recovery of payments made by Cook Inlet Energy, LLC ("**CIE**"), Miller Energy Resources, Inc. ("**MER**") and/or their affiliated debtors (collectively, the "**Debtors**")[1] to Solvenz E&P Series LLP ("**Transferee**") during the ninety (90) days prior to the filing of the Debtors' respective bankruptcy petition (the "**Preference Period**").  These transfers are preference payments that are avoidable under 11 U.S.C. § 547 and must be returned to the Trust under applicable federal bankruptcy law.

Petition Dates.  On August 6, 2015 (the "**CIE Petition Date**"), an involuntary bankruptcy petition was filed against CIE in the United States Bankruptcy Court for the District of Alaska (the "**Bankruptcy Court**").  CIE is a subsidiary of MER.  On October 1, 2015, CIE consented to

---

[1]    The Debtors include. (i) Cook Inlet Energy, LLC; (ii) Miller Energy Resources, Inc.; (iii) Miller Drilling, TN LLC; (iv) Miller Energy Services, LLC; (v) Miller Energy GP, LLC; (vi) Miller Rig & Equipment, LLC; (vii) East Tennessee Consultants, Inc.; (viii) East Tennessee Consultants II, LLC; (ix) Anchor Point Energy, LLC; (x) Savant Alaska, LLC; and (xi) Nutaaq Operating LLC (collectively, "Debtors").

adjudication as a debtor under Chapter 11 of Title 11 of the United States Code (the "**Bankruptcy Code**"). Also on October 1, 2015 (the "**Miller Petition Date**") MER and several of its subsidiaries, including Savant Alaska, LLC ("**Savant**") and Anchor Point Energy, LLC ("Anchor"), filed voluntary petitions under the Bankruptcy Code in the Bankruptcy Court.

On January 28, 2016, the Bankruptcy Court entered the Order Confirming [Doc. No. 502] (the "**Confirmation Order**") the Joint Plan of Reorganization [Doc. No. 364] (the "**Confirmed Plan**"). Pursuant to the Confirmed Plan, causes of actions under 11 U.S.C. §§ 547 and 549 were assigned to the Trust to pursue for the benefit of the Debtors' unsecured creditors.

Fiduciary Duty to Creditors. The Trustee has a fiduciary duty to pursue the recovery of the Debtors' payments made during the Preference Period so that such payments may be ratably distributed to unsecured creditors in accordance with the Bankruptcy Code. This duty includes the unpopular task of pursuing and recovering 'preferential' transfers of cash or other property that Debtors made to creditors within the Preference Period (or in the case of insider-transferees, within a one(1) year period prior to the Petition Date). Even if such payments were made in satisfaction of a valid debt (which is the case in many instances), Sections 547 and 550 of the Bankruptcy Code still require that they be returned to the bankruptcy estate so that the proceeds can be returned to unsecured creditors on a pro rata basis.

## Statutory and Policy Framework

A primary policy of the Bankruptcy Code is to treat similarly situated creditors equally. The 'preference' transfer sections of the Bankruptcy Code further this primary bankruptcy policy as its objective is to prevent favoritism by a debtor among similarly situated creditors who, in all fairness, should be on the same footing. Thus, 11 U.S.C. § 547 requires a creditor that received a greater payment during the ninety (90) day period immediately preceding the bankruptcy filing than other similarly situated creditors to return such payments to the bankruptcy estate so that the proceeds can be redistributed to all unsecured creditors on a pro rata basis.

It is understandably frustrating for a creditor who received payments for legitimate debts to be required to return the payments. The Firm, as well as the Trustee, appreciates this frustration. However, the Transferee received payments during the Preference Period for obligations owed by Debtors in full satisfaction of some, if not all, of its claims against Debtors, whereas other similarly situated creditors did not. The return of these transfers effectively increases the assets available for distribution to all unsecured creditors on an equal basis.

## The Preference Claims Against Transferee

Elements of a Preferential Transfer. 11 U.S.C. § 547(b) provides:

> (b)    Except as provided in subsection (c) of this section, the trustee may avoid any transfer of an interest of the debtor in property

(1)     to or for the benefit of a creditor;

(2)     for or on account of an antecedent debt owed by the debtor before such transfer was made;

(3)     made while the debtor was insolvent;

(4)     made –

> (A)   on or within ninety (90) days before the date of the filing of the petition; or
>
> (B)   between ninety (90) days and one (1) year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider; and

(5)     that enables such creditor to receive more than such creditor would receive if

> (A)   the case were a case under chapter 7 of this title;
>
> (B)   the transfer had not been made; and
>
> (C)   such creditor received payment of such debt to the extent provided by the provisions of [the Bankruptcy Code].

The Basis of the Preference Claim Against the Transferee. The Debtors' books and records reflect that the Transferee received payments from the Debtors during the ninety (90) day period preceding the bankruptcy filing in an amount not less than $375,000.00 (the "**Subject Preference Transfers**"). A summary of the known Subject Preference Transfers, including the date and amount, is attached as **Exhibit A**.

**If you contend that the Transferee did not receive one or more of these payments, you are hereby advised to notify us immediately.**[2]

---

[2]   The Trust may learn (through discovery or otherwise) of additional transfers made to the Transferee during the 90-day period preceding the bankruptcy. Therefore, the Trust reserves the right to amend this demand to include:

Page 4

Based on available information, it appears the Subject Preference Transfers were made from Debtors' bank account(s) and thus constitute transfers of "an interest of the debtor in property."

To the extent that the Transferee had a claim (i.e., a right to payment) against Debtors when the Subject Preference Transfers were made, the Transferee was a "creditor" under 11 U.S.C. § 101(10)(A). Therefore, the Subject Preference Transfers were "to or for the benefit" of a creditor and 11 U.S.C. § 547(b)(1) is satisfied.

To the extent that the Subject Preference Transfers were made in satisfaction of a debt owed before such payments were made, the Subject Preference Transfers were for or on account of an antecedent debt. Thus, 11 U.S.C. § 547(b)(2) is satisfied.

The Debtors were insolvent throughout the ninety (90) days immediately preceding the bankruptcy because the sum of their debts was greater than the fair market value of Debtors' assets. *See* 11 U.S.C. § 101(32)(A). Further, a debtor is presumed to have been insolvent during the 90 days immediately preceding the bankruptcy. *See* 11 U.S.C. §547(f). Thus, 11 U.S.C. § 547(b)(3) is satisfied.

Each of the Subject Preference Transfers was made on or within ninety (90) days before the applicable Petition Date. As such, 11 U.S.C. § 547(b)(4) is satisfied.

Finally, the Transferee received more from the Subject Preference Transfers than it would have received if (i) the Bankruptcy Case was a case under chapter 7 of the Bankruptcy Code; (ii) the Subject Preference Transfers had not been made; and (iii) the Transferee received payment on its claim to the extent provided by the Bankruptcy Code. In cases where creditors will not receive a dividend equal to 100% of their allowed claims, 11 U.S.C. § 547(b)(5) is satisfied. Such is the case here. Unsecured creditors of the Debtors will not recover 100% of their claims. Instead, they are to be paid a percentage of their claim that is far less. As a result of the payments made to the Transferee during the ninety (90) days immediately preceding the respective bankruptcies, the Transferee received payment of 100% of its claim, or a portion thereof. This rate is far in excess of the rate to be received by other creditors. Therefore 11 U.S.C. § 547(b)(5) is satisfied.

Again, the Firm and the Trustee appreciate your frustration with the requirements of 11 U.S.C. § 547 and that the law requires the return of payments that may have satisfied legitimate obligations that Debtors owed. However, the return of payments is required so that all unsecured creditors can receive a pro rata distribution of the proceeds to satisfy their claims at an equal rate. This is a preferable outcome to a handful of creditors receiving full payment to the exclusion of other similarly situated creditors.

---

(i) further information regarding the transfers, (ii) additional transfers, (iii) modifications of and/or revision to the transferee's name, and/or (iv) additional transferees that may become known.

**If you believe that the Transferee qualifies for any defenses to the Preference Claim, you are requested to provide us with the documentation that you contend support your defense(s) within fourteen (14) days of receipt of this demand letter.**

## Demand for Payment

In order to avoid litigation and additional attorneys' fees being incurred, demand is hereby made for immediate payment of the $375,000.00 that the Transferee received from Debtors during the Preference Periods. Payments may be made by check made payable to Snow Spence Green LLP IOLTA CLIENT TRUST ACCOUNT and delivered to the undersigned or wire transfer as follows:

Amegy Bank, N.A.
4400 Post Oak Parkway
Houston, TX 77027
Swift code SWBKUS44
ABA# 113011258
Account Name: Snow Spence Green LLP IOLTA ACCOUNT
Account Number: 0030341878

If you elect to return the Demand Amount to the Trust in order to avoid the time and expense of litigation, please sign and return the acceptance form attached as **Exhibit B**. In exchange for such payment, the Trust will waive and release any further claims, including any claims for interest and/or attorneys' fees and costs, related to the Subject Preference Transfers.

You are hereby advised that we have been instructed by our client to take all actions necessary to collect the full amount of payments that the Transferee received from Debtors during the ninety (90) days immediately preceding the filing of Debtors' bankruptcy petition. This includes the filing of a lawsuit against you on behalf of the Trust in the Bankruptcy Court, which has jurisdiction to adjudicate the claims, if payment is not received by the undersigned within thirty (30) days of the date of this letter. Further, if required to file suit, the Trust will seek recovery of the full amount owed, plus interest and costs, as applicable.

You are further advised that any proof of claim filed by the Transferee or claim scheduled by Debtors in favor of the Transferee may be disallowed unless the avoidable payments are promptly returned. To prevent creditors that wrongfully refuse to return preferential payments from further depleting the funds available to pay non-preferred creditors, 11 U.S.C. § 502(d) provides that the Court shall disallow any claim of any entity that fails to turn over (i.e., pay back) an avoidable transfer. Accordingly, in addition to commencing litigation to recover the Subject Preference Transfers, the Trust may object to any claim the Transferee has filed in the Debtors' bankruptcy cases.

If you have any questions regarding this letter, you are directed to contact Aaron Guerrero (direct dial: 713-335-4838; email: aaronguerrero@snowspencelaw.com) or Bryan Prentice (direct dial: 713-335-4883; email: bryanprentice@snowspencelaw.com).

Regards,

Aaron M. Guerrero

Exhibit A - SOLVENZ A&P SERVICES, LLC

| Payment Date | Payment Amount | ID #/Check # | Debtor Transferor | Preference/Post-Petition |
|---|---|---|---|---|
| 7/21/2015 | $175,000.00 | B-E..5941 | Miller Energy Resources, Inc. | Preference |
| 7/28/2015 | $200,000.00 | B-E..5973 | Miller Energy Resources, Inc. | Preference |

$375,000.00

**EXHIBIT B**

**<u>Acceptance Form</u>**

Having considered the demand for recovery of avoidable payments and the Transferee's rights and liabilities, the Transferee hereby elects to pay the Demand Amount, $375,000.00. Once the payment is received and honored, the Trust shall waive and release all further claims, including any claims for interest and/or attorneys' fees and costs, related to the Subject Preference Transfers, as represented in the demand to which this acceptance form is attached. By agreeing to pay the demand, Transferee waives its right to assert a claim, unsecured or otherwise, against Cook Inlet Energy, LLC, Miller Energy Resources, Inc., Savant Alaska, LLC, Anchor Point Energy, LLC or any of their affiliate debtors.

Executed on this _____ day of _____, 2016.

Transferee: SOLVENZ E&P SERIES LLC

By: _____

Printed Name: _____

Title: _____

Return this form to:

Aaron M. Guerrero
Snow Spence Green LLP
2929 Allen Parkway, Suite 2800
Houston, TX  77019
Facsimile: 713.335.4848
Email:  aaronguerrero@snowspencelaw.com

With a check for the full amount of the demand, **$375,000.00,** payable to:

Snow Spence Green LLP IOLTA Client Trust Account.

Or by wire transfer:

Amegy Bank, N.A.
4400 Post Oak Parkway
Houston, TX 77027
Swift code SWBKUS44
ABA# 113011258
Account Name: Snow Spence Green LLP IOLTA ACCOUNT
Account Number: 0030341878